# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCCOY,<br><br>    Petitioner,<br><br>v.<br><br>JOHN SOTO,<br><br>    Respondent. | Case No. 1:15-cv-01578-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 13) |

Petitioner Anthony McCoy is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 convictions in the Fresno County Superior Court for robbery and criminal threats. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitations period, the Court recommends granting Respondent's motion to dismiss.

**I.**

**BACKGROUND**

In 2010, Petitioner was convicted in the Fresno County Superior Court of two counts of second-degree robbery (counts 1, 2) and two counts of making criminal threats (counts 3, 4). Petitioner was sentenced to terms of twenty-five years to life on each of the two robbery counts, to be served consecutively. People v. McCoy, No. F061717, 2012 WL 2088660, at *1 (Cal. Ct. App. June 11, 2012). On June 11, 2012, the California Court of Appeal, Fifth Appellate District,

vacated Petitioner's sentence and remanded for resentencing. Id. at *4. On August 13, 2012, Petitioner was resentenced to a term of twenty-five years to life plus fourteen years on count 1 and a consecutive term of twenty-five years to life plus eleven years on count 2. People v. McCoy, No. F065829, 2014 WL 2157120, at *1 (Cal. Ct. App. May 23, 2014). On May 23, 2014, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. Id. at *2. Petitioner did not seek review in the California Supreme Court. (ECF No. 13 at 2).[1] Subsequently, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on October 29, 2014. (LDs 5, 6).[2]

On October 16, 2015, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). On January 8, 2016, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitations period. (ECF No. 13). Petitioner has not filed any opposition to the motion to dismiss.

**II.**

**DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). As the instant petition was filed after April 24, 1996, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "LD" refers to the documents lodged by Respondent on January 29, 2016. (ECF No. 14).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Since Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012). The time to seek review with the California Supreme Court expired on July 2, 2014, forty days after the Court of Appeal's decision was filed. See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The one-year limitations period commenced running the following day, July 3, 2014, and absent tolling, was set to expire on July 2, 2015. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). On August 25, 2014, the California Supreme Court received Petitioner's state habeas petition, which was dated July 8, 2014. (LD 5). Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk."

4

1  Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal
2  quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). According to the
3  prison mail log, Petitioner delivered the state habeas petition to the prison authorities for mailing
4  on August 18, 2014. (ECF No. 13-1 at 2). Thus, Petitioner's state habeas petition was filed on
5  August 18, 2014, and the California Supreme Court denied the petition on October 29, 2014.
6  (LD 6). There is nothing in the record that suggests Petitioner's state habeas petition was not
7  properly filed, and Respondent makes no such argument. Thus, Petitioner was entitled to
8  statutory tolling while his state habeas petition was pending.

9       On October 16, 2015, this Court received the instant federal petition for writ of habeas
10 corpus, which was dated October 6, 2015. (ECF No. 1). Even assuming Petitioner delivered the
11 instant petition to prison authorities for mailing on October 6, 2015, the Court finds that the
12 petition was filed outside the one-year limitations period. Forty-six days elapsed between the
13 date Petitioner's state conviction became final (July 2, 2014) and the date Petitioner filed his
14 state habeas petition in the California Supreme Court (August 18, 2014). The AEDPA's one-year
15 clock stopped while Petitioner's state habeas petition was pending. Thereafter, 341 days elapsed
16 between the California Supreme Court's denial of his state petition (October 29, 2014) and the
17 date Petitioner filed the instant federal petition for writ of habeas corpus (October 6, 2015). This
18 adds up to a total of 387 days, which is more than the one-year statute of limitations. The
19 limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he
20 has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
21 way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v.
22 DiGuglielmo, 544 U.S. 408, 418 (2005)). However, Petitioner has not made any showing that he
23 is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any
24 way. Therefore, the instant petition was not timely filed, and dismissal is warranted on this
25 ground.
26 ///
27 ///
28 ///

4

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's Motion to Dismiss (ECF No. 13) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 7, 2016**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE