# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCCOY,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN SOTO,<br><br>    Respondent. | Case No. 1:15-cv-01578-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 13) |

Petitioner Anthony McCoy is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 convictions in the Fresno County Superior Court for robbery and criminal threats. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the Court recommends granting Respondent's motion to dismiss.

**I.**

**BACKGROUND**

In 2010, Petitioner was convicted in the Fresno County Superior Court of two counts of second-degree robbery (counts 1, 2) and two counts of making criminal threats (counts 3, 4). Petitioner was sentenced to terms of twenty-five years to life on each of the two robbery counts, to be served consecutively. People v. McCoy, No. F061717, 2012 WL 2088660, at *1 (Cal. Ct. App. June 11, 2012). On June 11, 2012, the California Court of Appeal, Fifth Appellate District,

1

vacated Petitioner's sentence and remanded for resentencing. Id. at *4. On August 13, 2012, Petitioner was resentenced to a term of twenty-five years to life plus fourteen years on count 1 and a consecutive term of twenty-five years to life plus eleven years on count 2. People v. McCoy, No. F065829, 2014 WL 2157120, at *1 (Cal. Ct. App. May 23, 2014). On May 23, 2014, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. Id. at *2. Petitioner did not seek review in the California Supreme Court. (ECF No. 13 at 2).[1] Subsequently, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on October 29, 2014. (LDs 5, 6).[2]

On October 16, 2015, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). On January 8, 2016, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 13). Petitioner did not file any opposition to the motion to dismiss, and the undersigned issued a findings and recommendation recommending dismissal of the petition. (ECF No. 15). Petitioner filed objections to the findings and recommendation, arguing that he is entitled to equitable tolling. (ECF No. 16). Subsequently, the findings and recommendation was vacated, and the parties filed supplemental briefs on the issue of equitable tolling. (ECF Nos. 17, 18, 25, 27).

## II.

## DISCUSSION

### A. Commencement of the Limitation Period

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (*en banc*). As the instant petition was filed after April 24, 1996, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "LD" refers to the documents lodged by Respondent on January 29, 2016. (ECF No. 14).

1  Section 2244(d) provides:

2  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In most cases, the limitation period begins running on the date that the petitioner's direct review became final, but here Petitioner asserts that the limitation period began to run on a later date pursuant to § 2244(d)(1)(B). Petitioner contends that his placement in the Administrative Segregation Unit constituted a state-created impediment that prevented Petitioner from timely filing. (ECF No. 16 at 4–5; ECF No. 25 at 2, 6).

Petitioner alleges that his legal documents, stationery, and personal property were confiscated upon entering administrative segregation, and that his legal materials were never returned. Petitioner also alleges that the prison failed to issue Petitioner legal forms, paper, envelopes, pens, and copies even though he met the standards of an indigent prisoner. Petitioner further alleges that he was "denied complete access to the law library" from December 29, 2014 to June 26, 2015. (ECF No. 25 at 6). Respondent has submitted evidence demonstrating that pursuant to Petitioner's request, Petitioner's legal materials and personal property were returned to him on January 18, 2015. (ECF No. 27-1 at 2). Petitioner also requested and received indigent

envelopes in January, February, and May of 2015. (ECF No. 27-2 at 2, 3, 5). Petitioner's inmate segregation record does not demonstrate that Petitioner requested and was denied law library access during his time in administrative segregation. (ECF No. 27-3). Accordingly, the Court finds that there was no state-created impediment in violation of the Constitution or laws of the United States, and therefore, § 2244(d)(1)(B) is inapplicable.

As Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012). The time to seek review with the California Supreme Court expired on July 2, 2014, forty days after the Court of Appeal's decision was filed. See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The one-year limitation period commenced running the following day, July 3, 2014, and absent tolling, was set to expire on July 2, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B.  Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). On August 25, 2014, the California Supreme Court received Petitioner's state habeas petition, which was dated July 8, 2014. (LD 5). Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). According to the prison mail log, Petitioner delivered the state habeas petition to the prison authorities for mailing on August 18, 2014. (ECF No. 13-1 at 2). Thus, Petitioner's state habeas petition was constructively filed on August 18, 2014, and the California Supreme Court denied the petition on October 29, 2014. (LD 6). There is nothing in the record that suggests Petitioner's state habeas petition was not properly filed, and Respondent makes no such argument. Thus, Petitioner is

entitled to statutory tolling while his state habeas petition was pending in the California Supreme Court.

**C. Equitable Tolling**

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears the "heavy burden" of showing that he is entitled to equitable tolling. Chaffer v. Propser, 592 F.3d 1046, 1048 (9th Cir. 2010) (*per curiam*). Petitioner contends he is entitled to equitable tolling due to his limited education and placement in administrative segregation. (ECF No. 25 at 2).

1. Diligence

In order to be entitled to equitable tolling, a petitioner must have exercised "reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (citations and internal quotation marks omitted). "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011). "To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." Id. at 1013. The Ninth Circuit has held that "diligence *during* the existence of an extraordinary circumstance is the key consideration." Gibbs v. Legrand, 767 F.3d 879, 892 (9th Cir. 2014). However, Petitioner's diligence before and after the extraordinary circumstance is "[a]lso relevant" and "may be illuminating." Id.

Here, Petitioner has failed to allege what steps he took to diligently pursue his federal claims at the time the extraordinary circumstance stood in his way and prevented timely filing. For example, in his objections to the vacated findings and recommendation, Petitioner points to the fact that he timely filed a state habeas petition in the California Supreme Court to demonstrate diligence. Although Petitioner's diligence before the extraordinary circumstance is relevant, this alone is not determinative. See Gibbs, 767 F.3d at 892. In his supplemental brief,

Petitioner states he has "established fact to support his claim of extraordinary circumstances and due diligence," but only provides allegations regarding the extraordinary circumstance and does not provide details of any specific action he took while in administrative segregation. Therefore, the Court finds that Petitioner has not met his burden in establishing that he has been pursuing his rights diligently.

    2. <u>Extraordinary Circumstance</u>

Petitioner contends that he is entitled to equitable tolling due to his limited education and his failure to comprehend the AEDPA. Lack of education and ignorance of the law do not constitute extraordinary circumstances warranting equitable tolling. <u>See, e.g.</u>, <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); <u>Baker v. Cal. Dep't of Corr.</u>, 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance . . . are not extraordinary circumstances to warrant equitable tolling . . . ."). The Court notes Petitioner's submissions in this matter exhibit coherence and organization with citation to cases. Given Ninth Circuit precedent and Petitioner's demonstrated ability to adequately articulate his arguments, the Court does not find that Petitioner's limited education and lack of legal sophistication constitute extraordinary circumstances warranting equitable tolling.

Petitioner also contends that his placement in administrative segregation constitutes an extraordinary circumstance. Petitioner alleges that his legal documents, stationery, and personal property were confiscated upon entering administrative segregation, and that his legal materials were never returned. Petitioner also alleges that the prison failed to issue Petitioner legal forms, paper, envelopes, pens, and copies even though he met the standards of an indigent petitioner. Respondent has submitted a copy of Petitioner's Administrative Segregation Personal Property Request form, which shows that pursuant to Petitioner's request, Petitioner's legal materials and personal property were returned to him on January 18, 2015. (ECF No. 27-1 at 2). Respondent also submitted a copy of the Indigent Envelope Sign-Up List, which shows that Petitioner requested and received indigent envelopes in January, February, and May of 2015. (ECF No. 27-

2 at 2, 3, 5). Although "[d]eprivation of legal materials is the type of external impediment for which [courts] have granted equitable tolling," Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009), the record before the Court refutes Petitioner's assertion that his legal materials were confiscated and never returned. Pursuant to the Court's order, Respondent submitted evidence to contest Petitioner's allegations. (ECF Nos. 27-1, 27-2, 27-3). Petitioner failed to submit any evidence in support of his allegations.

Petitioner further alleges that he was denied complete access to the law library from December 29, 2014 to June 26, 2015. (ECF No. 25 at 6). However, Respondent has submitted a copy of Petitioner's Inmate Segregation Record (CDC 114-A form), which does not demonstrate that Petitioner requested and was denied law library access during his time in administrative segregation. (ECF No. 27-3). The Ninth Circuit has held that being in administrative segregation with limited access to the law library does not constitute an extraordinary circumstance warranting equitable tolling. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). Accordingly, the Court finds that Petitioner's placement in administrative segregation does not constitute an extraordinary circumstance that prevented Petitioner from timely filing.

**D.  Timeliness of the Petition**

On October 16, 2015, this Court received the instant federal petition for writ of habeas corpus, which was dated October 6, 2015. (ECF No. 1). Assuming Petitioner delivered the instant petition to prison authorities for mailing on October 6, 2015, the Court finds that the petition was filed outside the one-year limitation period. Forty-six days elapsed between the date Petitioner's state conviction became final (July 2, 2014) and the date Petitioner filed his state habeas petition in the California Supreme Court (August 18, 2014). The AEDPA's one-year clock stopped while Petitioner's state habeas petition was pending. Thereafter, 341 days elapsed between the California Supreme Court's denial of his state petition (October 29, 2014) and the date Petitioner constructively filed the instant federal petition for writ of habeas corpus (October 6, 2015). This adds up to a total of 387 days. Therefore, the Court finds that the petition was filed outside the AEDPA's one-year limitation and is untimely.

///

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's Motion to Dismiss (ECF No. 13) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 29, 2017** /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE