# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCCOY,<br><br>   Petitioner,<br><br> v.<br><br>JOHN SOTO,<br><br>   Respondent. | Case No. 1:15-cv-01578-LJO-EPG-HC<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATION, DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE<br><br>(ECF Nos. 13, 28) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 8, 2016, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 13). Petitioner did not file any opposition to the motion to dismiss, and the Magistrate Judge issued findings and recommendation recommending dismissal of the petition. (ECF No. 15). Petitioner filed objections to the findings and recommendation, arguing that he is entitled to equitable tolling. (ECF No. 16). Construing Petitioner's objections as a motion for equitable tolling, the Magistrate Judge vacated the findings and recommendation and the parties filed briefs on the issue. (ECF Nos. 17, 18, 25).

On January 23, 2017, the Magistrate Judge found that further development of the record was warranted and ordered the parties to submit evidence in support of their equitable tolling arguments. (ECF No. 26). Respondent timely submitted evidence, but Petitioner did not. (ECF

1

No. 27). On March 29, 2017, the Magistrate Judge issued findings and recommendation recommending dismissal of the petition. (ECF No. 28). This findings and recommendation was served on the parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of that order.

On April 10, 2017, the Court received two motions from Petitioner. (ECF Nos. 29, 30). Both contained requests for extensions of time so that Petitioner could obtain documents supporting his equitable tolling claim. In light of the procedural posture of the case, the Magistrate Judge construed the motions as motions for extension of time to object to the March 29, 2017 findings and recommendation. (ECF No. 31).

On May 17, 2017, the Court received a document entitled, "Petitioner's Response to January 23, 2017, Court Order to Submit Supporting Evidence in Equitable Tolling Motion," (ECF No. 32), which the Court construes as objections to the March 29, 2017 findings and recommendation. See Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"); Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe pro se pleadings and motions liberally). Respondent has filed not any response to Petitioner's May 17, 2017 filing.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including the new evidence and arguments contained in Petitioner's objections,[1] the Court declines to adopt the findings and recommendation.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running on the date that the petitioner's direct review became final, but here Petitioner asserts that the limitation period

---

[1] See Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.") (internal quotation marks omitted) (quoting United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000)).

began to run on a later date pursuant to § 2244(d)(1)(B).[2] Petitioner contends that his placement in the Administrative Segregation Unit constituted a state-created impediment that prevented Petitioner from timely filing. (ECF No. 16 at 4–5; ECF No. 25 at 2, 6).

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In order to be entitled to equitable tolling, a petitioner must have exercised "reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (citations and internal quotation marks omitted). "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011). The Ninth Circuit has held that "diligence *during* the existence of an extraordinary circumstance is the key consideration." Gibbs v. Legrand, 767 F.3d 879, 892 (9th Cir. 2014).

Petitioner alleges that his legal documents, stationery, and personal property were confiscated upon entering administrative segregation, and that his legal materials were never returned. Petitioner also alleges that the prison failed to issue Petitioner legal forms, paper, envelopes, pens, and copies even though he met the standards of an indigent prisoner. Petitioner further alleges that he was "denied complete access to the law library" from December 29, 2014 to June 26, 2015. (ECF No. 25 at 6).

Respondent has submitted a copy of Petitioner's Administrative Segregation Personal Property Request form, which shows that that pursuant to Petitioner's request, Petitioner's legal materials and personal property were returned to him on January 18, 2015. (ECF No. 27-1 at 2). In his May 17, 2017 filing, Petitioner declares under penalty of perjury that his legal materials were not issued with the hygiene items he received on January 18, 2015. Petitioner declares that

---

[2] Section 2244(d)(1)(B) provides that the one-year limitation period begins to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

he verbally informed the correctional officer that he did not receive his legal materials. The correctional officer responded, "I will go the property room right now and get it but sign this property slip now so I can make you your copy and bring it with your legal material." (ECF No. 32 at 2). Petitioner signed the property slip as instructed, but the correctional officer never returned with Petitioner's legal materials. Petitioner declares that he filed four administrative appeals regarding his legal materials. However, prison officials did not respond to those administrative appeals. (Id. at 3–5). Respondent has filed not a response to Petitioner's May 17, 2017 filing.

The Ninth Circuit has recognized that "[d]eprivation of legal materials is the type of external impediment for which [courts] have granted equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009). Accordingly, the Court finds that Petitioner has made allegations that equitable tolling may be warranted. The Ninth Circuit has held that in such instances, further factual development and an evidentiary hearing may be required. See Orthel v. Yates, 795 F.3d 935, 940 (9th Cir. 2015); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" (quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003))).

Ordinarily procedural issues[3] are resolved first, but courts have recognized that "[p]rocedural bar issues are not infrequently more complex than the merits issues . . . so it may well make sense in some instances to proceed to the merits if the result will be the same." Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)). In the instant case, it appears that judicial economy will be better served by adjudicating Petitioner's claims on the merits.

///
///
///

---

[3] "[T]he AEDPA 'statute of limitations defense . . . is not jurisdictional.'" Holland, 560 U.S. at 645 (internal quotation marks omitted) (quoting Day v. McDonough, 547 U.S. 198, 205 (2006)).

Accordingly, IT IS HEREBY ORDERED that:

1. The Court DECLINES TO ADOPT the findings and recommendation issued on March 29, 2017 (ECF No. 28);
2. Respondent's motion to dismiss (ECF No. 13) is DENIED WITHOUT PREJUDICE to renewing the motion after the Court rules on the merits of the petition; and
3. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: __**June 20, 2017**__    _____/s/ Lawrence J. O'Neill_____
                                                  UNITED STATES CHIEF DISTRICT JUDGE