# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCCOY,<br><br>  Petitioner,<br><br>  v.<br><br>JOHN SOTO,<br><br>  Respondent. | Case No. 1:15-cv-01578-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Anthony McCoy is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, Petitioner raises the following claims for relief: (1) sentencing error; (2) ineffective assistance of counsel; and (3) misidentification.

For the reasons discussed herein, the undersigned recommends denial of the petition for writ of habeas corpus.

**I.**

**BACKGROUND**

On October 7, 2010, Petitioner was convicted by a jury in the Fresno County Superior Court of two counts of second-degree robbery (counts 1, 2) and two counts of making criminal threats (counts 3, 4). (CT[1] 224). Petitioner was sentenced to a term of twenty-five years to life plus fourteen years on count 1 and a consecutive term of twenty-five years to life plus eleven

---
[1] "CT" refers to the Clerk's Transcript on Appeal lodged by Respondent as Document No. 7 on September 27, 2017. (ECF No. 40).

1

years on count 2. (CT 224; 1 RT$^2$ 484–85). On June 11, 2012, the California Court of Appeal, Fifth Appellate District, vacated Petitioner's sentence and remanded for resentencing. People v. McCoy (McCoy I), No. F061717, 2012 WL 2088660, at *4 (Cal. Ct. App. June 11, 2012). On August 13, 2012, Petitioner was resentenced to a term of twenty-five years to life plus fourteen years on count 1 and a consecutive term of twenty-five years to life plus eleven years on count 2. People v. McCoy (McCoy II), No. F065829, 2014 WL 2157120, at *1 (Cal. Ct. App. May 23, 2014). On May 23, 2014, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. Id. at *2. Subsequently, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on October 29, 2014. (LDs$^3$ 5, 6).

On October 16, 2015, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). On June 20, 2017, the Court denied without prejudice Respondent's motion to dismiss the petition for untimeliness. (ECF No. 35). Respondent filed an answer, and Petitioner filed a traverse. (ECF Nos. 39, 48).

## II.

## STATEMENT OF FACTS[4]

> At 5:00 a.m. on April 29, 2010, Nongtharangsy Myfanglong, Anabell Rojas and Linda Green were working at an AM/PM market when appellant walked into the store. Green was stocking boxes and the other two employees were next to the cash registers. Appellant pointed a knife at Rojas, who was at the cash register, and said, "Bitch, give me the money." Appellant held a knife in his right hand and pushed Rojas out of the way with his left. Myfanglong went towards Rojas and stood in front of her. Appellant told both of them not to move or he would cut them up. Myfanglong testified the man told them, don't "move or I will cut you." Appellant then grabbed money from the cash register, fled out the door and into a waiting vehicle.
>
> The jury found appellant guilty of the robberies and criminal threats, and found true the weapon enhancement allegations. In a bifurcated proceeding, appellant admitted two prior strike felony convictions (§§ 667, subds.(b)-(i) & 1170.12, subds. (a)-(d)), two prior serious felony convictions (§ 667, subd. (a)(1)), and five prior prison terms (§ 667.5, subd. (b)).

---

[2] "RT" refers to the Reporter's Transcript on Appeal lodged by Respondent as Document Nos. 8 and 9 on September 27, 2017. (ECF No. 40).
[3] "LD" refers to the documents lodged by Respondent on January 29, 2016 and September 27, 2017. (ECF Nos. 14, 40).
[4] The Court relies on the California Court of Appeal's June 11, 2012 and May 23, 2014 opinions for this summary of the facts of the case. See Vasquez v. Kirkland, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009).

> The probation report prepared in anticipation of sentencing recommended the trial court sentence appellant to consecutive terms on all four counts, staying sentence pursuant to section 654 on the two counts of making a criminal threat. The report noted that the two robbery counts "are mandated to be served consecutively" and that consecutive sentences were required "[p]ursuant to PC 667(c)(7)/1170.12(a)(7),...."
>
> At sentencing, the trial court stated it had read the probation report and "It is the Court's inclination to follow probation's recommendation in this case, given the criminal history which is detailed in the probation report." Defense counsel requested that the trial court strike one of appellant's prior strikes because appellant was now 44 years old and, under the terms recommended by probation, he would be 129 years old before he could again receive probation. The prosecutor opposed defense counsel's request, noting appellant's lengthy and consistent criminal history, which began when appellant was a juvenile and dated back, as an adult, to 1984. As noted by the prosecutor, "[t]he only time the defendant was free of a crime or free of custody for more than two years was when he was actually serving time in prison." The prosecutor also noted the current crime's threat of violence, callousness, and evidence of planning, as well as the lasting effects of the crimes on one of the victims.
>
> Before pronouncing sentence, in response to defense counsel's request to strike a prior strike, the trial court discussed appellant's lengthy criminal history and that, following appellant's most recent prior conviction, the previous trial court had struck one of appellant's prior strikes. As a result, appellant received a much shorter sentence and, within a week or so of being placed on parole for that offense, committed the current offenses. The trial court agreed with defense counsel that it was "unlikely" appellant would be able to serve his entire sentence, but "based upon his history, it is clear to the Court that if the Court gives him anything less than that, if he is given an opportunity to be out of custody, other persons will be victimized, either at gunpoint or at knife point. And I don't believe that is fair to anyone."
>
> In imposing sentence, the trial court stated that the second count of robbery "is to run consecutive to the time to be served in [the first] count [of robbery] pursuant to law."

McCoy I, 2012 WL 2088660, at *1–2.

Appellant filed a timely notice of appeal. On appeal, in *People v. McCoy,* case No. F061717 (first appeal), this court, in 2012, held that the two robberies were committed on the "same occasion" and arose out of the "same set of operative facts" for purposes of section 667, subdivision (c)(6) and (c)(7); therefore, consecutive sentences on those two offenses were not mandatory, and the record did not demonstrate that the sentencing court was aware of its discretion to impose concurrent terms on the two robbery convictions. This court vacated the sentence, remanded for resentencing, and did not address appellant's contention that trial counsel was constitutionally ineffective for failing to object to the sentence at trial.

Subsequently, at resentencing, the court stayed sentence on two of the prior prison term enhancements because they were based on two of the convictions giving rise to the prior serious felony enhancements, and imposed, on count 1, a term of 25 years to life plus 14 years for the enhancements and, on count 2, a consecutive

3

> term of 25 years to life plus 11 years for the enhancements. On each of counts 3 and 4, the court imposed, and stayed pursuant to section 654, a term of 25 years to life.
>
> In pronouncing sentence, the court stated it was "aware of its ability to impose ... concurrent sentence[s]" on counts 1 and 2.

McCoy II, 2014 WL 2157120, at *1 (footnote omitted).

## III.

## STANDARD OF REVIEW

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged convictions arise out of the Fresno County Superior Court, which is located within the Eastern District of California. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Davis v. Ayala, 135 S. Ct. 2187, 2198 (2015); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Williams, 529 U.S. at 413. Thus, if a petitioner's claim has been "adjudicated on the merits" in state court, "AEDPA's highly deferential standards" apply. Ayala,

135 S. Ct. at 2198. However, if the state court did not reach the merits of the claim, the claim is reviewed *de novo*. Cone v. Bell, 556 U.S. 449, 472 (2009).

In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. In addition, the Supreme Court decision must "'squarely address[] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA and the Court must defer to the state court's decision. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2008) (alterations in original) (quoting Wright v. Van Patten, 552 U.S. 120, 125, 123 (2008)).

If the Court determines there is clearly established Federal law governing the issue, the Court then must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A state court decision involves "an unreasonable application of[] clearly established Federal law" if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. That is, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

If the Court determines that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," and the error is not structural, habeas relief is nonetheless unavailable unless it is established that the error "had substantial and injurious effect or influence" on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)

1 (internal quotation mark omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

AEDPA requires considerable deference to the state courts. The Court looks to the last reasoned state court decision as the basis for the state court judgment. See Brumfield v. Cain, 135 S. Ct. 2269, 2276 (2015); Johnson v. Williams, 568 U.S. 289, 297 n.1 (2013); Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013). "Independent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). The federal court must review the state court record and "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

## IV.

## REVIEW OF CLAIMS

### A. Sentencing Error

In his first claim for relief, Petitioner asserts that he was denied his right to due process when he was sentenced to consecutive terms of twenty-five years to life for each robbery count. (ECF No. 1 at 4).[5] Respondent argues that this claim is unexhausted and not cognizable in federal habeas corpus. (ECF No. 39 at 14). In the traverse, Petitioner states that Respondent's analysis with respect to his first claim for relief is correct and "abandons" this claim. (ECF No. 48 at 6). However, in the interest of justice, the Court will address the claim.

---

[5] Page numbers refer to the ECF page numbers stamped at the top of the page.

Pursuant to 28 U.S.C. § 2254(b)(2), the Court may deny an unexhausted claim on the merits "when it is perfectly clear that the [petitioner] does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (adopting the standard set forth in Granberry v. Greer, 481 U.S. 129, 135 (1987)). The Court need not determine whether this claim was properly exhausted because Petitioner does not raise a colorable federal claim.

"The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (citing Ramirez v. Arizona, 437 F.2d 119, 120 (9th Cir. 1971)). See also Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) ("[N]either an alleged abuse of discretion by the trial court in choosing consecutive sentences, nor the trial court's alleged failure to list reasons for imposing consecutive sentences, can form the basis for federal habeas relief."). Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). See also Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

Accordingly, Petitioner is not entitled to federal habeas relief on his first claim, and it should be denied.

**B. Ineffective Assistance of Counsel**

In his second and third claims for relief, Petitioner asserts that trial counsel was ineffective for: (1) failing to challenge whether there were sufficient aggravating factors that justified Petitioner's consecutive sentences, and (2) failing to conduct a reasonable pretrial investigation with respect to Jimmy Randle. (ECF No. 1 at 4–5). Respondent argues that these ineffective assistance of counsel claims were not fairly presented to the California Supreme Court and thus, are unexhausted. (ECF No. 39 at 16, 18). In the traverse, Petitioner states that Respondent's analysis with respect to the sentencing ineffectiveness claim is correct and

"abandons" this claim. However, Petitioner argues that this Court should reach the merits of his ineffective assistance of counsel claim regarding Jimmy Randle. (ECF No. 48 at 6–7).

The Court will address both ineffective assistance of counsel claims. Pursuant to 28 U.S.C. § 2254(b)(2), the Court may deny an unexhausted claim on the merits "when it is perfectly clear that the [petitioner] does not raise even a colorable federal claim." Cassett, 406 F.3d at 624. The Court need not determine whether the ineffective assistance of counsel claims were properly exhausted because Petitioner does not raise colorable federal claims.

1. Strickland Legal Standard

The clearly established federal law governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668 (1984), which requires a petitioner to show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Id. at 687. To establish deficient performance, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness" and "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 688, 687. Judicial scrutiny of counsel's performance is highly deferential. A court indulges a "strong presumption" that counsel's conduct falls within the "wide range" of reasonable professional assistance. Id. at 687. To establish prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court "asks whether it is 'reasonable likely' the result would have been different. . . . The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 111–12 (citing Strickland, 466 U.S. at 696, 693).

2. Failure to Challenge Whether Aggravating Factors Justified Consecutive Sentences

Petitioner appears to argue that trial counsel was ineffective for failing to challenge whether there were sufficient aggravating factors that justified Petitioner's consecutive sentences. Specifically, Petitioner argues that whether the offense involved multiple victims is simply one factor among several for the trial court to consider in deciding whether to impose

consecutive sentences. (ECF No. 1 at 4). In Petitioner's first appeal, the California Court of Appeal remanded for resentencing because "the record did not demonstrate that the sentencing court was aware of its discretion to impose concurrent terms on the two robbery convictions." McCoy II, 2014 WL 2157120, at *1. At the resentencing hearing, the trial court stated: "Frankly, Counsel, it is the Court's intent to impose the same sentence that the Court originally imposed at the time of sentencing. The Court was aware of its ability to exercise discretion . . . but the Court did not make that very clear at the first sentence." (LD 16 at 12). In response, defense counsel stated: "I think the record should reflect we have had a short conference outside the presence of the courtroom, and that in addition to that, I intend, based upon that conference, after reading the Fifth District Court of Appeal on the remand, I intend to submit with no further comment." (Id.).

There is no evidence in the record regarding what was said at the conference outside the courtroom. However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697. In imposing consecutive sentences, the trial court reasoned:

> The Court is aware of its ability to impose a concurrent sentence for these offenses, however, viewing the Rules of Court, and particularly Rule 4.425 concerning the criteria for imposing consecutive or concurrent sentences, the Court is taking into consideration in imposing the consecutive sentence the planning which this crime appeared to involve, the numerous and increasing seriousness of the prior convictions of the defendant, and the fact that the defendant was on parole at the time of this offense, and the fact that his prior performance on probation or parole was unsatisfactory. For all those reasons, the Court has exercised its discretion to run the second robbery conviction on the same case consecutively.

(LD 16 at 13–14).

Petitioner does not contest the accuracy of the aggravating factors the trial court considered and fails to demonstrate that because involvement of multiple victims is one factor among several for the trial court to consider "there is a reasonable probability that . . . the result of the proceeding would have been different" if counsel had made further argument on the record

9

that there were not sufficient aggravating factors to justify consecutive sentences. Strickland, 466 U.S. at 694. Thus, the Court finds that Petitioner has not satisfied Strickland's prejudice prong. As it is "perfectly clear" that Petitioner does not raise a colorable ineffective assistance of counsel claim, the Court may deny this claim on the merits pursuant to 28 U.S.C. § 2254(b)(2).

### 3. Failure to Conduct Reasonable Investigation

In the petition, Petitioner asserts that trial counsel was ineffective for failing to conduct a reasonable investigation regarding Jimmy Randle. (ECF No. 1 at 5). The petition states that defense counsel received an affidavit from Jimmy Randle declaring that he had actual knowledge of the perpetrator of the robbery and that Petitioner was not the perpetrator. Petitioner alleges that defense counsel gave the affidavit to the prosecutor for investigation, but Mr. Randle was not contacted by either the prosecutor or defense counsel. (ECF No. 1 at 5). In the traverse, Petitioner further alleges that Kimberly Alexander accompanied Mr. Randle to the courthouse July 10, 2010, and observed him present an affidavit to Petitioner's attorney. (ECF No. 48 at 8). Ms. Alexander allegedly heard defense counsel "state to Mr. Randle that it was too late to do anything with this declaration, because the jury was already in deliberations; and inform Randle he would put the declaration in McCoy's file and give a copy to the district attorney." (Id.). Petitioner argues that he "has demonstrated counsel's statement that it was too late to do anything with Randle's Declaration because the jury was already in deliberations, shows counsel had not fulfilled his Strickland obligation to investigate the applicable law and thus was unaware of the provisions of" California Penal Code section 1181(8). (ECF No. 48 at 9).

California Penal Code section 1181(8) provides: "When a verdict has been rendered or a finding made against the defendant, the court may, upon his application, grant a new trial . . . [w]hen new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial." Cal. Penal Code § 1181(8). The state court record establishes, however, that Petitioner's trial did not commence until October 1, 2010. (CT 122). Therefore, it would have been unnecessary for defense counsel to move for a new trial pursuant to California Penal Code section 1181(8) based on newly discovered evidence if Mr. Randle did present an affidavit to counsel on July 10, 2010, as alleged by Petitioner.

1    Additionally, the state court record establishes that during a pretrial conference on
2    September 30, 2010, defense counsel informed the court that he "was busy trying to find James
3    Randle, whose name does appear [on the witness list]." (1 RT 9). Defense counsel later
4    elaborated:

> I sent an investigator out to find Mr. Randle. There were six
> African-Americans in front of the location where my investigator
> went. And my investigator was in a county car. When they saw the
> county plates, they all ran in the house. Sent a lady to answer the
> door who said nobody was home.

(1 RT 22). Neither defense counsel nor the prosecution had been able to find Mr. Randle at that point in time. (1 RT 9, 21–22).

Given that defense counsel undertook efforts to track down Mr. Randle after counsel reportedly received Mr. Randle's affidavit, Petitioner has not demonstrated that defense counsel's efforts to find Mr. Randle fell "outside the wide range of professionally competent assistance" or "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 690, 694. As it is "perfectly clear" that Petitioner does not raise a colorable ineffective assistance of counsel claim, the Court may deny this claim on the merits pursuant to 28 U.S.C. § 2254(b)(2).

**C. Misidentification**

In his fourth claim for relief, Petitioner asserts that he was convicted on the basis of an "unconstitutionally suggestive" identification. (ECF No. 1 at 5). Respondent argues that an unconstitutional identification claim was not fairly presented to the state court and "[l]ack of exhaustion bars relief." (ECF No. 39 at 19). In the traverse, Petitioner states that Respondent's analysis with respect to his fourth claim for relief is correct and "abandons" this claim. (ECF No. 48 at 6). However, in the interest of justice, the Court will address the claim.

In his state habeas petition, Petitioner did not characterize his claim as an "unconstitutionally suggestive" identification claim. Rather, Petitioner asserted that "his case is a case of 'mistaken identification'" and "this criminal case is a[] case of misidentification." (LD 5 at 3, 22). Although in the instant federal habeas petition Petitioner asserts that he was convicted on the basis of an "unconstitutionally suggestive" identification, Petitioner's statement of facts

1 supporting this claim concern the ability of witnesses to make an accurate identification rather
2 than challenging the identification procedure itself. (ECF No. 1 at 5). Accordingly, the Court will
3 construe Petitioner's fourth claim for relief as challenging the sufficiency of the evidence based
4 on the alleged unreliability of the witnesses' identification of Petitioner as the perpetrator. See
5 Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (citing Maleng v. Cook, 490 U.S. 488
6 (1989)) ("[T]he district court must construe *pro se* habeas filings liberally."); Bernhardt v. Los
7 Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (noting that courts have a duty to construe
8 *pro se* pleadings and motions liberally).

9 So construed, Petitioner's fourth claim for relief was fairly presented to the California
10 Supreme Court, which summarily denied the claim. Here, there was no reasoned opinion on
11 Petitioner's sufficiency of the evidence claim, and the Court presumes that the claim was
12 adjudicated on the merits. See Richter, 562 U.S. at 99 ("When a federal claim has been presented
13 to a state court and the state court has denied relief, it may be presumed that the state court
14 adjudicated the claim on the merits in the absence of any indication or state-law procedural
15 principles to the contrary."). Accordingly, the Court must review the state court record and "must
16 determine what arguments or theories . . . could have supported, the state court's decision; and
17 then [the Court] must ask whether it is possible fairminded jurists could disagree that those
18 arguments or theories are inconsistent with the holding in a prior decision of [the Supreme]
19 Court." Id. at 102.

20 The Supreme Court has held that when reviewing a sufficiency of the evidence claim, a
21 court must determine whether, viewing the evidence and the inferences to be drawn from it in the
22 light most favorable to the prosecution, any rational trier of fact could find the essential elements
23 of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). A
24 reviewing court "faced with a record of historical facts that supports conflicting inferences must
25 presume—even if it does not affirmatively appear in the record—that the trier of fact resolved
26 any such conflicts in favor of the prosecution, and must defer to that resolution." Id. at 326.
27 Jackson "makes clear that it is the responsibility of the jury—not the court—to decide what
28 conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside

the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 556 U.S. 1, 2 (2011). Moreover, when AEDPA applies, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Id.

The weaknesses in the witnesses' identifications of Petitioner were revealed to the jury during the questioning of witnesses. Additionally, the jury was instructed that some of the factors to consider in determining a witness's credibility are, *inter alia*: how well the witness could "see, hear, or otherwise perceive the things about which the witness testified"; how well the witness was "able to remember and describe what happened"; whether the witness's testimony was "influenced by a factor such as bias, or prejudice, a personal relationship with someone involved in the case or a personal interest in how the case is decided"; and whether the witness made "a statement in the past that is consistent or inconsistent with his or her testimony." (2 RT 371–72). Moreover, in his closing argument, defense counsel focused on the unreliability of the identifications and directed the jury's attention to the instructions regarding witness credibility. (2 RT 420, 424–25, 428–30).

In light of the verdict, the jury necessarily found Nongtharangsy Myfanglong, Anabell Rojas, and Linda Green's testimony and their identifications of Petitioner to be credible, and "under Jackson, the assessment of credibility of witnesses is generally beyond the scope of review." Schlup v. Delo, 513 U.S. 298, 330 (1995). See also Bruce v. Terhune, 376 F.3d 950, 957 (9th Cir. 2004) ("A jury's credibility determinations are therefore entitled to near-total deference under Jackson."). Moreover, "when we assess a sufficiency of evidence challenge in the case of a state prisoner seeking federal habeas corpus relief subject to the strictures of AEDPA, there is a double dose of deference that can rarely be surmounted." Boyer v. Belleque, 659 F.3d 957, 964 (9th Cir. 2011).

"'After AEDPA, we apply the standards of Jackson with an additional layer of deference' to state court findings." Ngo v. Giurbino, 651 F.3d 1112, 1115 (9th Cir. 2011) (alteration in original) (quoting Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005)). Under this doubly

deferential standard of review, the state court's denial of Petitioner's sufficiency of the evidence claim based on the alleged unreliability of the witnesses' identification of Petitioner as the perpetrator was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. The decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief on his fourth claim, and it should be denied.

## IV.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 19, 2018**　　　　　　/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE